IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

DAVID P. WIELEPSKI,                              *

      Plaintiff,                          *

-vs-                                             *     Case No.

CITY OF WEST ALLIS, WISCONSIN,                   *
a municipal corporation; STEVEN R.
KUHNMUENCH, in his individual capacity;          *
CLINT CORWIN, in his individual capacity; and
UNKNOWN UNNAMED EMPLOYEES OF                     *
THE CITY OF WEST ALLIS, WISCONSIN, in
their individual capacities,                     *

      Defendants.                         *
_____

## COMPLAINT
_____

Plaintiff, David P. Wielepski, by his attorneys, A. Steven Porter and Kasieta Legal Group, LLC, by Robert J. Kasieta, for and as his Complaint against the defendants above-named, alleges, states and show the Court as follows:

### JURISDICTION AND VENUE

1.      This is an action, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202, for legal, equitable and declaratory relief to secure protection and redress deprivations, under color of State law, of rights secured by the Fourth, and Fourteenth Amendments to the United States Constitution and the laws of the United States. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

1

2. Defendants reside and have their principal places of business in the Eastern District of Wisconsin, and the unlawful acts alleged herein were committed in the Eastern District of Wisconsin.

3. Venue is vested in this Court pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. David P. Wielepski is an adult individual who resides at 1462 S. 97th Street, West Allis, Milwaukee County, Wisconsin 53214, in the Eastern District of Wisconsin.

5. Defendant City of West Allis, Wisconsin, is a municipal corporation duly constituted under the Laws of the State of Wisconsin with its principal place of business located at 7525 W. Greenfield Avenue, West Allis, Milwaukee County, Wisconsin 53214, in the Eastern District of Wisconsin.

6. Defendant Steven R. Kuhnmuench is an adult individual who, on information and belief, resides in the City of West Allis, Milwaukee County, Wisconsin 53214, in the Eastern District of Wisconsin. At all times pertinent and material to this Complaint, defendant Kuhnmuench acted in the course and scope of his employment as a police officer with the City of West Allis Police Department. Defendant Kuhnmuench is named in his individual capacity.

7. Defendant Clint Corwin is an adult individual who, on information and belief, resides in the City of West Allis, Milwaukee County, Wisconsin 53214, in the Eastern District of Wisconsin. At all times pertinent and material to this Complaint, defendant Corwin acted in the course and scope of his employment as a police sergeant with the City of West Allis Police Department. Defendant Corwin is named in his individual capacity.

2

8. Defendants Unknown, Unnamed Employees of the City of West Allis. Wisconsin are adult individuals who, on information and belief, resides in the City of West Allis, Milwaukee County, Wisconsin 53214, in the Eastern District of Wisconsin. At all times pertinent and material to this Complaint, said defendants acted in the course and scope of his employment as employees with the City of West Allis Police Department. Defendants Unknown, Unnamed Employees of the City of West Allis, Wisconsin, are sued in their individual capacities.

9. At all times pertinent and material to this Complaint, defendants Kuhnmuench and Corwin acted in the course and scope of their employment as police officers. The actions of all Defendants as alleged herein were taken under color of the statutes, ordinances, regulations, customs and usages of the State of Wisconsin, and according to the policies or customs of the City of West Allis.

**ALLEGATIONS OF FACT**

10. In the early morning hours on July 23, 2011, plaintiff David P. Wielepski was a passenger in a vehicle owned and operated by his friend, Isac A. Garcia. Mr. Wielepski and Mr. Garcia were returning from an evening celebrating Mr. Wielepski's birthday at the Oneida Casino.

11. Mr. Wielepski had twenty-eight hundred dollars ($2,800.00) in cash in his trouser pocket in winnings from playing the slot machines at the casino that night.

12. Mr. Garcia's vehicle, with Mr. Wielepski in it, caught the attention of defendant Clint Corwin, who was on duty driving a squad car as a police sergeant with the City of West Allis Police Department. Sergeant Corwin turned his squad car around and began to pursue Mr. Garcia's vehicle.

3

13. Mr. Garcia eventually stopped his vehicle at the end of a dead-end alley in the City of West Allis. Sergeant Corwin stopped his squad car immediately behind Mr. Garcia's vehicle, blocking any opportunity for Mr. Garcia to drive his vehicle out of the alley.

14. Sergeant Corwin exited and came around the front of his squad car behind Mr. Garcia's vehicle with his gun drawn and pointed at Mr. Garcia's vehicle.

15. Mr. Garcia attempted to get out of his vehicle on the driver's side, but got back in upon orders from Sergeant Corwin to stay in the vehicle.

16. A short time afterward, Mr. Wielepski got out and stood up facing the rear of Mr. Garcia's vehicle on the passenger side. Mr. Wielepski had his hands up to signify he was unarmed and surrendering. Sergeant Corwin moved to the rear of Mr. Garcia's vehicle on the passenger side with his gun drawn and his arms extended in a shooting stance.

17. Just then, defendant Steven R. Kuhnmuench walked up behind Mr. Garcia's vehicle. Sergeant Corwin holstered his firearm and pulled out his electronic control device or "taser," aimed it at Mr. Wielepski, who was still standing with his hands up, and fired the taser at Mr. Wielepski, hitting him in the chest. Sergeant Corwin then grabbed Mr. Wielepski by the front of his shirt and pulled him forward. Off-balance, Mr. Wielepski awkwardly stumbled forward into Sergeant Corwin and spun around, contacting Officer Kuhnmuench, and fell to the alley pavement.

18. As Mr. Wielepski was spinning and falling, Sergeant Corwin tased him two more times and Officer Kuhnmuench struck him several times with his flashlight. While Mr. Wielepski lay face-down on the pavement, Officer Kuhnmuench kicked him in the side. Officer Kuhnmuench and Sergeant Corwin pulled Mr. Wielepski's arms behind his back and handcuffed

4

him. Either Sergeant Corwin or Officer Kuhnmuench then struck Mr. Wielepski on the back of his head, driving his face into the pavement, causing pain and injury to Mr. Wielepski and knocking him unconscious.

19. At no time did Mr. Wielepski offer resistance or engage combatively with anyone. At no time did Mr. Wielepski present a threat of injury or harm to anyone.

20. The amount of force used against Mr. Wielepski by Officer Kuhnmuench and Sergeant Corwin was unreasonable and excessive under the circumstances.

21. While Mr. Wielepski lay face down unconscious on the pavement, Officer Kuhnmuench searched Mr. Wielepski's trousers pockets. Officer Kuhnmuench extracted Mr. Wielepski's wallet and a fist full of money totaling twenty-eight hundred dollars ($2,800.00) in cash that Mr. Wielepski had won at the Oneida Casino that night.

22. On information and belief Sergeant Corwin saw Officer Kuhnmuench take the twenty-eight hundred dollars ($2,800.00) in cash from Mr. Wielepski's trousers.

23. Neither Officer Kuhnmuench, Sergeant Corwin nor Unknown, Unnamed Employees of the City of West Allis ever returned Mr. Wielepski's wallet or the twenty-eight hundred dollars ($2,800.00) in cash to Mr. Wielepski.

23. Neither Officer Kuhnmuench, Sergeant Corwin nor Unknown, Unnamed Employees of the City of West Allis prepared a property inventory of the personal property that Officer Kuhnmuench took from Mr. Wielepski.

24. In the days following his arrest, Mr. Wielepski made repeated phone calls and visits to the West Allis Police Department seeking return of his wallet and his twenty-eight hundred dollars ($2,800.00) in cash, but the police representatives he spoke to claimed to know nothing

5

about the wallet or the cash.

25. Officer Kuhnmuench, Sergeant Corwin and/or Unknown, Unnamed Employees of the City of West Allis intentionally and without Mr. Wielepski's consent unlawfully kept the twenty-eight hundred dollars ($2,800.00) in cash for themselves.

26. Neither Officer Kuhnmuench nor Sergeant Corwin attempted to dissuade or prevent the other from exerting unreasonable and excessive force against Mr. Wielepski or from depriving him of his twenty-eight hundred dollars ($2,800.00) in cash as alleged, above.

27. Officer Kuhnmuench and Sergeant Corwin willfully, wantonly and recklessly exerted unreasonable and excessive force against Mr. Wielepski.

28. Officer Kuhnmuench, Sergeant Corwin and/or Unknown, Unnamed Employees of the City of West Allis willfully, wantonly and recklessly permanently deprived Mr. Wielepski of his twenty-eight hundred dollars ($2,800.00).

**PLAINTIFFS' FIRST CAUSE OF ACTION UNDER 42 U.S.C. § 1983**

29. Plaintiff realleges and incorporates as if fully set forth herein the allegations contained in paragraphs one (1) through twenty-eight (28), above.

30. The force defendants Kuhnmuench and Corwin used in arresting Mr. Wielepski was excessive and unreasonable and, therefore, unconstitutional because it constitutes an unreasonable seizure of plaintiff in deprivation of his rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Defendants Kuhnmuench and Corwin are therefore jointly and severally liable to plaintiff under 42 U.S.C. § 1983.

31. Defendants Kuhmuench's and Corwin's actions in failing to prevent the

6

deprivation of plaintiff's rights by others as alleged herein when they had an opportunity and duty to do so further constitute a deprivation of plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and likewise subject defendants Kuhnmuench and Corwin to joint and several liability to plaintiffs under 42 U.S.C. § 1983.

32. The City of West Allis had a policy and custom of failing to adequately train its police officers in the lawful use of force upon arrest.

33.. The unlawful actions of defendants Kuhnmuench and Corwin as alleged in this Complaint were taken according to the the policy and custom of defendant City of West Allis.

34. As a direct, foreseeable and proximate result of defendants Kuhnmuench's and Corwin's unlawful actions as alleged in this Complaint, plaintiff suffered injuries and damages in the form of financial loss, emotional distress, humiliation, and other injuries which are continuing into the foreseeable future.

35. Defendants Kuhnmuench's and Corwin's unlawful actions as alleged in this Complaint were taken with willful, wanton and reckless disregard of plaintiffs' rights.

**PLAINTIFF'S SECOND CAUSE OF ACTION UNDER 42 U.S.C. § 1983**

36. Plaintiff realleges and incorporates as if fully set forth herein the allegations contained in paragraphs one (1) through thirty-five (35), above.

37. The actions and inactions of Officer Kuhnmuench, Sergeant Corwin and/or Unknown, Unnamed Employees of the City of West Allis in taking Mr. Wielepski's twenty-eight hundred dollars ($2,800.00) from him and failing and refusing to return it to him constitutes a deprivation of Mr. Wielepski's property without due process of law in violation of Mr.

Wielepski's substantive rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

38. Defendant Corwin's actions and inaction and the action and inaction of Unknown, Unnamed Employees of the City of West Allis in failing to prevent the deprivation of plaintiff's rights alleged herein when they had an opportunity and duty to do so further constitutes a deprivation of plaintiff's rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and likewise subject defendants to joint and several liability to plaintiff under 42 U.S.C. § 1983.

39. The actions and inactions of defendants as alleged in this Complaint constitute a regular custom of defendant City of West Allis in encouraging, condoning and permitting the deprivation of cash and other items of value from arrestees such as Mr. Wielepski.

40. The City of West Allis had a policy and custom of failing to monitor dash cams to prevent theft by officers and failing to institute adequate training and procedures to prevent officers such as Kuhnmuench, Corwin and Unknown, Unnamed Employees o the City of West Allis from depriving arrestees such as Mr. Wielepski of their cash and valuables.

41. The unlawful actions of defendants Kuhnmuench, Corwin and Unknown, Unnamed Empoyees of the City of West Allis as alleged in this Complaint were taken according to policies and customs of defendant City of West Allis.

42. As a direct, foreseeable and proximate result of defendants' unlawful actions as alleged in this Complaint, plaintiff suffered injuries and damages in the form of financial loss, emotional distress, humiliation, and other injuries which are continuing into the foreseeable future.

43. Defendants Kuhnmuench's, Corwin's and Unknown, Unnamed Employees of the

8

City of West Allis' unlawful actions as alleged in this Complaint were taken with willful, wanton and reckless disregard of plaintiffs' rights.

**PRAYER FOR RELIEF**

**WHEREFORE** plaintiff prays this Court enter Judgement against each named defendant jointly and severally on each of plaintiff's causes of action and award plaintiff the following relief:

A. Declare that the force used by defendants Kuhnmuench and Corwin in arresting plaintiff was excessive and unreasonable under the circumstances and therefore constituted an infringement of plaintiff's right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

B. Declare that defendants Kuhnmuench's and Corwin's and Unknown, Unnamed Employees of the City of West Allis' taking of plaintiff's twenty-eight hundred dollars ($2,800.00) in cash and failing and refusing to return it to him deprived plaintiff of his property without due process and, therefore, constituted a violation of plaintiff's substantive rights as guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

C. Order defendants, jointly and severally, to pay to plaintiff an amount sufficient to compensate him for his monetary loss, his past and future physical and emotional pain and suffering and distress which was proximately caused by defendants' unlawful actions.

D. Order defendants Kuhnmuench, Corwin and Unknown, Unnamed Employees of the City of West Allis to pay to plaintiff an amount sufficient to punish them for their willful, wanton and reckless deprivations of plaintiff's rights and to deter said defendants and others similarly situated and inclined from further deprivations of the rights of this plaintiff and others.

E. Order defendants to return to plaintiff any property of plaintiffs which defendants are unlawfully holding.

F. Order defendants to pay plaintiff's costs, disbursements and attorneys' fees reasonably incurred in this action.

G. Order such other and further relief as is just and proper under the circumstances.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF SIX QUALIFIED PERSONS.**

Dated this 20th day of July, 2017.

A. STEVEN PORTER AND KASIETA LEGAL GROUP, LLC, BY ROBERT J. KASIETA

By: __/s/ A. Steven Porter_____

A. Steven Porter
State Bar No. 01000195
Attorneys for Plaintiff
David P. Wielepski

P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
(608) 819-6466 (fax)
asp@mailbag.com

559 D'Onofrio Drive, Suite 222
Madison, Wisconsin 53719
(608) 662-9999
(608) 662-9977 (fax)