UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF DAVID P. WIELEPSKI,

        Plaintiff,

Case No. 17-CV-01004

vs.

STEVEN R. KUHNMUENCH, and
CLINT CORWIN,

        Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

Defendants, by their attorneys, Gunta Law Offices, S.C., submit this Response to Plaintiff's Motions in Limine filed with the Court (Docket #56).

Defendants to not object to and therefore have no response to Plaintiff's Motions in Limine 1-3.

Defendants object in part to Plaintiff's Motion in Limine 4, requesting that the Court exclude any evidence of the Plaintiff's alleged behavior and statements after he was arrested and taken into custody, the nature of the criminal charges brought against him, and his plea and disposition. While Defendants do not dispute that Plaintiff's alleged behavior and statements made after he was arrested are not apparently relevant to his claim for use of excessive force during his arrest, evidence of the charges brought against him for resisting or obstructing an officer are relevant to the use of force analysis, and should not be excluded.

After his arrest, Plaintiff was charged with disorderly conduct and resisting and obstructing an officer, in violation of Wis. Stat. Sec. 946.41(1). (See Exhibit 1 to the Declaration of Ann C. Wirth, CCAP Report, State of Wisconsin v. David P. Wielepski, Milwaukee County Case Number 2011CM004311.) The statute reads:

> **946.41  Resisting or obstructing officer.**
>
> **(1)**  Except as provided in subs. (2m) and (2r), whoever knowingly resists or obstructs an officer while such officer is doing any act in an official capacity and with lawful authority is guilty of a Class A misdemeanor.
>
> In order to prove Wielepski violated this statue, the state would have to prove the following:
>
> 1. That Wielepski resisted the officer. "Resisted" is defined as oppose by force or threat of force. The force or threat of force needs to be directed personally at the officer.
>
> 2. That the officer was doing an act in his official capacity at the time of the resistance; That the officer was acting with lawful authority at the time of the resistance.
>
> 3. That the defendant knew that the officer was acting in an official capacity and with lawful authority and that the defendant knew his or her conduct would resist the officer.

State v. Lossman, 118 Wis. 2d 526, 535, 348 N.W.2d 159 (1984).

Although the prosecutor did dismiss the resisting or obstructing charge prior to trial, it does not diminish the fact that there was enough evidence for the state to issue the charge in the first place. The relevance of this is that there was evidence that Wielepski resisted, or "opposed by force or threat of force...directed personally at the officer." This claim relates directly to Wielepski's use of force claim during his arrest. Whether Wielepski physically resisted arrest by using force or threatening to use force against the officer, is relevant to the Fourth Amendment analysis to determine whether the force used during the arrest by the officer was reasonable.

-2-

In judging the reasonableness of any particular use of force, courts consider factors such as the severity of the crime, whether the arrestee poses an immediate threat to the safety of the officers or others, *and whether he or she is actively resisting arrest* or attempting to flee and evade arrest. Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); Abdullahi v. City of Madison, 423 F.3d 763, 768 (7th Cir. 2005) (emphasis added). The reasonableness of the force used depends on the totality of the facts and circumstances known to the officer at the time the force is applied. Tennessee v. Garner, 471 U.S. at 8-9, 105 S.Ct. 1694; Phillips v. Cmty. Ins. Corp., 678 F.3d 513, 519 (7th Cir. 2012). It is an objective inquiry, the dispositive question being " 'whether, in light of the facts and circumstances that confronted the officer (and not 20/20 hindsight), the officer behaved in an objectively reasonable manner,' " Padula v. Leimbach, 656 F.3d 595, 602 (7th Cir. 2011) (quoting McAllister v. Price, 615 F.3d 877, 881 (7th Cir. 2010)).

The force used during Wielepski's arrest was one taser application, one strike with a flashlight, and being taken to the ground, to which the officers testified, and is also shown in the officer's body camera video. Wielepski testified that his injuries included marks on his face and chest, and his legs and knees were all scratched. The extent of his injuries could be directly related to and a consequence of his level of resistence to the officers.

Clearly the fact that Wielepski was charged with resisting arrest is relevant to the analysis of the reasonableness of the use of force, as the element of "resisting" as defined by the statute is a key to determining whether the use of force was reasonable. Plaintiff's motion in limine excluding this evidence should be denied.

Dated at Wauwatosa, Wisconsin this 10th day of July, 2019.

          GUNTA LAW OFFICES, S.C.
          Attorneys for Defendants

By:   /s/ Ann C. Wirth
       Gregg J. Gunta, WI Bar No. 1004322
       Ann C. Wirth, WI Bar No. 1002469
       John A. Wolfgang, WI Bar No. 1045325
       Jasmyne M. Baynard, WI Bar No. 1099898
       9898 W. Bluemound Road, Suite 2
       Wauwatosa, Wisconsin 53226
       Telephone: (414) 291-7979
       Facsimile: (414) 291-7960
       Emails: gjg@guntalaw.com
               acw@guntalaw.com
               jaw@guntalaw.com
               jmb@guntalaw.com